NOT DESIGNATED FOR PUBLICATION

No. 113,916

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAWRENCE EPPS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGLE, judge. Opinion filed April 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before STANDRIDGE, P.J., PIERRON, J., and JOHNSON, S.J.


*Per Curiam*:  Lawrence Epps appeals from the district court's orders revoking his probation and remanding him to prison to serve his sentence. Epps filed a motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State responded but did not object to proceeding under the Rule. We granted Epps' motion. Based on our review of the record that was before the sentencing court, we conclude that the district court did not err in making the orders Epps challenges. Therefore, we affirm.

In December 2013, the State charged Epps with one count of criminal discharge of a firearm, a severity level 7 person felony, and one count of criminal possession of a firearm by a convicted felon, a severity level 8 nonperson felony. Epps and the State

1

reached a plea agreement. On February 19, 2014, pursuant to the agreement, Epps pled guilty to the counts as charged. Among other things, the State agreed to join Epps in his requests for concurrent sentences and for a dispositional departure to probation.

At sentencing March 27, 2014, the district court determined without objection that Epps' criminal history score was B. It sentenced Epps to a term of 31 months in prison, the high number in the applicable grid block 7-B, for the primary offense of criminal discharge of a firearm. It sentenced Epps to 9 months in prison on the additional offense. The district court, contrary to the parties' joint recommendation, ordered consecutive rather than concurrent sentences. However, the district court did follow the parties' other joint recommendation, and it granted Epps a downward dispositional departure from presumptive imprisonment to probation for 24 months.

Epps repeatedly failed to comply with his probation conditions. On May 23, 2014, at a probation revocation hearing, Epps stipulated to violating several of those conditions. The district court revoked Epps' probation, but, finding that Epps needed more structure to accomplish his probation tasks, reinstated it and assigned Epps to the residential community corrections program. Epps continued to violate the conditions of his probation. Then, on August 17, 2014, Epps left the residential facility without permission, and his whereabouts became unknown to the State. Eventually the State charged Epps with interference with judicial process and aggravated escape from custody. After his apprehension, Epps pled guilty to those new charges January 27, 2015.

On March 31, 2015, the district court conducted a hearing on the State's motion to revoke probation. The district court found that Epps had violated several conditions of his probation including his commission of new crimes. The district court revoked Epps' probation, reduced his controlling sentence from 40 months to 37 months, and remanded Epps to prison. We granted Epps leave to appeal those orders out of time.

2

On appeal, Epps contends that "[t]he district court erred in revoking his probation and in imposing the underlying prison sentence." We note that, once the State has established that a probation violation has occurred, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the judicial action is arbitrary, fanciful, or unreasonable such that no reasonable person would agree with the action, or is based on an error of law, or on an error of fact. See *State v. Ward*, 292 Kan. 541, 550-51, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party claiming an abuse of discretion bears the burden of proving the abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court did not base its decision on an error of law. K.S.A. 2014 Supp. 22-3716(c)(8) permits a revocation of probation to imprisonment if the defendant commits a new felony or misdemeanor while on probation. Epps' new convictions constituted probation violations because Epps' probation order required that he obey state law. The district court did not base its decision on an error of fact. Epps acknowledged that he committed new crimes while on probation. The district court's decision to revoke was not arbitrary, fanciful or unreasonable. Reasonable persons could agree that Epps should be incarcerated for his original crimes, especially in light of the serious nature of his probation violations. We see no abuse of discretion in the decisions Epps challenges.

Granting Epps a departure to probation was truly an "act of grace," in its most traditional sense, by the sentencing judge. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Epps failed to take advantage of the opportunity that act provided. We have reviewed the record as required by Rule 7.041A(b). We find that the district court did not err when it revoked Epps' probation and remanded him to prison for 37 months.

Affirmed.